UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCISCO GONZALEZ-MONREAL,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, U.S. Attorney General, et al.,<br><br>Respondents. | Case No.:  26-cv-1577-RSH-JLB<br><br>**ORDER DISMISSING PETITION**<br><br>[ECF Nos. 2, 3] |

On March 12, 2026, petitioner Juan Francisco Gonzalez Monreal filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner has also filed motions to appoint counsel and for a temporary restraining order. ECF Nos. 2, 3.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary

26-cv-1577-RSH-JLB

dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner alleges that he was arrested and taken into immigration custody on October 20, 2025, and is currently detained at the Otay Mesa Detention Center in San Diego, California, pending his removal hearing. ECF No. 1 at 1. Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody because there is no significant likelihood that he can be removed in the reasonably foreseeable future. ECF No. 1 at 1-2. In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. However, *Zadvydas* does not apply here because Petitioner is not subject to a final order of removal; instead, he is awaiting his removal hearing. Nor does the length of Petitioner's custody to date—less than five months—without more raise due process concerns of prolonged detention.

Accordingly, the Petition is **DISMISSED**. In light of this disposition, the Court **DENIES** as moot Petitioner's motion to appoint counsel [ECF No. 2] and motion for a temporary restraining order [ECF No. 3]. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 16, 2026

Hon. Robert S. Huie
United States District Judge